UNIVERSAL COMMERCIAL Co., INC., Appellant, *v*. REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 868. Submitted June 8, 1932.—Decided June 24, 1932.

*Enrique Campillo* for appellant. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the Court.

The Universal Commercial Company, Inc., presented to the Registry of Property of San Juan a document which purported to be a deed of sale of a piece of land in Santurce. The vendor named in the deed was the Universal Commercial Company, "represented by its managing partner, Gonzalo Diago Rodríguez." The registrar denied record to the

deed because Gonzalo Diago Rodríguez had not duly accredited his capacity as managing partner of the Universal Commercial Company. The appellant, the Universal Commercial Company, Inc., admits that the failure of Diago to show his capacity was a defect but maintains that such defect was a curable one, and cites various opinions of this Court to support this contention.

In 1923, Diego Agüeros & Co., a limited partnership, as vendor, represented by its managing partner, sold a piece of land to someone else. The registrar denied the record of the document because the capacity of the managing partner had not been accredited. In that case it turned out that the deed of purchase to Diego Agüeros & Co. had been recorded and in the said deed Diego Agüeros appeared as a managing partner to accept the deed of sale. This Court held that the position of Agüeros in purchasing could be distinguished from his position on making a sale; that the defect noted by the registrar, which the appellant admitted, might be curable or not; that if Diego Agüeros had capacity to execute the deed in the name of the firm the defect could be cured by the mere presentation of the partnership deed, but that if he did not have that capacity and the partnership did not ratify the sale, the latter would be entirely void. The Court indicated that the most rapid way for the appellant to have acted would have been to present the partnership deed. *Palacios* v. *Registrar of Humacao*, 32 P.R.R. 420.

The decision principally relied upon by the appellant was *Acarón* v. *Registrar*, 39 P.R.R. 165, and the cases cited therein. The *Palacios* case, *supra*, was not considered. The *Acarón* case was one where an alleged attorney in fact appeared before a notary to execute a deed but the power of attorney did not accompany the deed nor was there any other evidence presented to show the existence of a power of attorney. This Court held that when a notarial deed appeared to be executed by an attorney in fact the failure to present the actual power of attorney was merely a curable defect.

The registrar points out that the absence of a power of attorney is distinct from the failure of an alleged managing partner to prove his character as such.

Perhaps the registrar is right. At the moment it would be difficult to point out, however, the distinguishing characteristic of the two cases. In any event the Court, after due consideration, has decided to follow the rule laid down in the case of Palacios, *supra*. The other cases cited, relied upon in the opinion in the *Acarón* case, we think have not so strong a tendency against the *Palacios* case.

The ruling should be affirmed.

Mr. Justice Hutchison dissented.